# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HOLLYWOOD IMPORTS,**

           **Plaintiff,**

v.                                         **Case No: 6:24-cv-1443-PGB-RMN**

**JOSHUA KORTE,**

           **Defendant.**
_____/

## ORDER

This cause comes before the Court on jurisdictional review.[1]

## I. BACKGROUND

On August 24, 2024, Plaintiff Hollywood Imports ("**Plaintiff**") initiated this action against Defendant Detective Joshua Korte ("**Defendant**"). (Doc. 1 (the "**Complaint**")). The Complaint alleges that the Court has jurisdiction under the basis of federal question and diversity of citizenship. (*Id.* at p. 3). Regarding the parties' citizenship—it further alleges that Plaintiff is incorporated under the laws of Alabama, with its principal place of business in Alabama, and that Defendant is a citizen of Florida. (*Id.*). As to the amount in controversy, the Complaint claims $25,000 in damages. (*Id.* at p. 4).

---

[1] Federal courts exercise limited jurisdiction, and are obligated, in every case, to "zealously insure [sic] that jurisdiction exists." *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Accordingly, district courts must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## II.   DISCUSSION

Simply put, the Court has neither federal question nor diversity of citizenship jurisdiction over the instant action.

Federal courts maintain jurisdiction over two general types of cases: cases that "arise under federal law" and cases that meet the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331–1332; *Home Depot U.S.A, Inc. v. Jackson*, 587 U.S. 435, 437 (2019). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court must ensure that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.

First, Plaintiff alleges that the Court has federal question jurisdiction. (Doc. 1, p. 3). However, Plaintiff fails to state a claim that "arise[s] under federal law." 28 U.S.C. § 1331. Plaintiff alleges a single claim of negligence, which is a state law claim. (Doc. 1, p. 4). Thus, there is no federal question. Alternatively, Plaintiff purports the Court has diversity jurisdiction. (*Id.* at p. 3). Alas, it currently does not. The crux of the issue surrounds the amount in controversy.[2] Facially, the Complaint requests relief in the sum of $25,000—far below the requisite $75,000. (*Id.* at p. 4). Consequently, the Court lacks jurisdiction over the action.

Moreover, Plaintiff may not proceed *pro se*. Local Rule 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only."); *see SEC v. Merch. Cap., LLC*, 486 F. App'x 93, 94 n.1 (11th Cir. 2012) ("It is well established .

---

[2] The Court finds that Plaintiff has adequately alleged complete diversity of the parties, and thus, such an element is not at issue. (Doc. 1, p. 3).

. . that a business organization cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or officer." (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985))).

As a result, repleader is necessary to cure the aforementioned deficiencies.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUGED** that:

1. The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **September 13, 2024**, Plaintiff may file an amended complaint in compliance with this Order and all applicable rules and law. Failure to timely comply with this Order will result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on August 30, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties